UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| CABREA M., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case # 1:22-cv-315-DB |
| | § | |
| COMMISSIONER OF SOCIAL SECURITY, | § | MEMORANDUM |
| | § | DECISION AND ORDER |
| Defendant. | § | |

## INTRODUCTION

Plaintiff Cabrea M. ("Plaintiff") brings this action pursuant to the Social Security Act (the "Act"), seeking review of the final decision of the Commissioner of Social Security (the "Commissioner"), that denied her application for supplemental security income ("SSI") under Title XVI of the Act. *See* ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c), and the parties consented to proceed before the undersigned in accordance with a standing order (*see* ECF No. 15).

Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). *See* ECF Nos. 10, 11. Plaintiff also filed a reply brief. *See* ECF No. 12. For the reasons set forth below, Plaintiff's motion for judgment on the pleadings (ECF No. 10) is **GRANTED**, and the Commissioner's motion for judgment on the pleadings (ECF No. 11) is **DENIED**, and this matter is **REMANDED** to the Commissioner for further administrative proceedings as set forth below.

## BACKGROUND

Plaintiff protectively filed an application for SSI on September 23, 2014, alleging disability beginning February 15, 2014 (the disability onset date), due to right knee and ankle problems, arthritis, ruptured right Achilles tendon, post-traumatic stress disorder, and depression. Transcript

("Tr.") 172-77, 195. Plaintiff's claim was denied initially on January 28, 2015, after which she requested an administrative hearing. Tr. 71-76. On August 4, 2017, Administrative Law Judge Elizabeth Ebner ("ALJ Ebner") conducted a video hearing, at which Plaintiff appeared and testified. Tr. 15, 40-58. Plaintiff appeared at the hearing without counsel or another representative. Tr. 15, 428. Beth Crain, an impartial vocational expert, also appeared and testified. *Id.* ALJ Ebner issued an unfavorable decision on August 28, 2017, finding that Plaintiff was not disabled. Tr. 12-28.

Thereafter, Plaintiff appealed to the United States District Court for the Western District of New York (*see* Case No. 18-CV-1187-MJR), and on May 19, 2020, this Court remanded Plaintiff's case for further administrative proceedings. Tr. 427-37. On October 6, 2021, Administrative Law Judge William Weir ("ALJ Weir") conducted a telephonic hearing,[1] at which Plaintiff appeared and testified and was represented by Jeffery Valentine, an attorney. Tr. 348-99. Also appearing and testifying were medical expert Arthur Lorber, M.D. ("Dr. Lorber"), and vocational expert Esperanza Distefano. *Id.* ALJ Weir considered the case *de novo* and issued an unfavorable decision on December 27, 2021, finding that Plaintiff was not disabled. Tr. 327-40. This action followed.

## LEGAL STANDARD

### I.   District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citing 42 U.S.C. § 405(g)) (other citation omitted). The Act holds that the Commissioner's decision is "conclusive"

---

[1] Due to the extraordinary circumstance presented by the Coronavirus Disease 2019 ("COVID-19") pandemic, all participants attended the hearing by telephone. Tr. 327.

if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (citations omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F. 3d 496, 501 (2d Cir. 1990).

## II.    The Sequential Evaluation Process

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. *Id*. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments meeting the durational requirements, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id*. § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement, the claimant is disabled. *Id*. § 404.1509. If not, the ALJ determines the claimant's residual functional capacity, which is the ability to perform physical or mental work activities on a sustained basis notwithstanding limitations for the collective impairments. *See id*. § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. 20 C.F.R. § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. *Id*. If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id*. § 404.1520(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

## ADMINISTRATIVE LAW JUDGE'S FINDINGS

ALJ Weir analyzed Plaintiff's claim for benefits under the process described above and made the following findings in his December 27, 2021 decision:

1.  The claimant has not engaged in substantial gainful activity since September 23, 2014, the application date (20 CFR 416.971 *et seq*.).

2.  The claimant has obesity, a ruptured Achilles Tendon s/p surgery, and cervical degenerative disk disease, each of which constitutes a severe impairment (20 CFR 416.920(c)).

3.  The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

4.  The claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 416.967(a)[2] except would use a single point cane, can lift and carry with free hand while standing or walking; stand/walking combination two out of eight hours at 30-minute intervals; sit eight out of eight-hours at two-hour intervals; should not work at unprotected heights, around dangerous machinery, chemicals or tools; cannot use ladders, ropes or scaffolds but may occasionally use ramps or stairs; cannot balance in narrow or slippery

---

[2] "Sedentary" work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally, and other sedentary criteria are met.

environments but no problem balancing on flat, non-slippery surfaces; occasionally bilaterally use foot controls; occasionally stoop and crouch, but cannot kneel or crawl.

5. The claimant is unable to perform any past relevant work (20 CFR 416.965).

6. The claimant was born on January 17, 1979 and was 35 years old, which is defined as a younger individual age 18-44, on the date the application was filed. The claimant subsequently changed age category to a younger individual age 45-49 (20 CFR 416.963).

7. The claimant has at least a high school education (20 CFR 416.964).

8. Transferability of job skills is not an issue in this case because the claimant's past relevant work is unskilled (20 CFR 416.968).

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969a).

10. The claimant has not been under a disability, as defined in the Social Security Act, since September 23, 2014, the date the application was filed (20 CFR 416.920(g)).

Tr. Tr. 327-39.

Accordingly, ALJ Weir determined that, based on the application for supplemental security income protectively filed on September 23, 2014, the claimant is not disabled under section 1614(a)(3)(A) of the Social Security Act. Tr. 340.

## <u>ANALYSIS</u>

Plaintiff asserts two points of error. *See* ECF No. 10-1 at 1, 9-19. First, Plaintiff argues that ALJ Weir improperly relied on the opinion of medical expert Dr. Lorber, resulting in an unsupported RFC. *See id*. at 9-14. Plaintiff next argues that ALJ Weir's decision largely repeated the prior decision, and contained very little analysis of Plaintiff's condition after 2017. *See id*. at 15-19.

The Commissioner argues in response that substantial evidence supports ALJ Weir's findings, and ALJ Weir did not err by crediting Dr. Lorber's opinion, which the Commissioner argues, was consistent with other evidence in the record. *See* ECF No. 11-1 at 6-15. Regarding Plaintiff's complaint that ALJ Weir largely repeated the prior decision, the Commissioner responds

that ALJ Weir followed the directive of the District Court to consider whether there had been changes in Plaintiff's functioning after the January 2015 report of consultative internal medicine examiner Hongbaio Liu, M.D. ("Dr. Liu'"), by considering updated treatment records and medical opinion evidence. *See id*. at 15-19. Further, argues the Commissioner, it was not error for ALJ Weir to "update" the prior decision rather than craft a new one entirely. *See id*.

A Commissioner's determination that a claimant is not disabled will be set aside when the factual findings are not supported by "substantial evidence." 42 U.S.C. § 405(g); *see also Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000). Substantial evidence has been interpreted to mean "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. The Court may also set aside the Commissioner's decision when it is based upon legal error. *Rosa*, 168 F.3d at 77.

Upon review of the record and ALJ Weir's decision, the Court finds that Plaintiff's arguments have merit. The Appeals Council's remand order directed the administrative law judge to "offer the claimant the opportunity for a hearing, take any further action needed to complete the administrative record and issue a new decision." Tr. 441. However, there appears to be very little that is "new" in ALJ Weir's decision. Instead, ALJ Weir appears to have simply copied much of the prior remanded decision; presented nearly identical summaries of the medical evidence; and relied on outdated facts and conclusions, including Dr. Liu's 2015 consultative opinion that was found stale at the time of the first decision. Tr. 435-36. Although the Commissioner argues that "it was not error for the ALJ to update the prior decision rather than craft a new one entirely" (*see* ECF No. 12-1 at 16), the lack of any new analysis, along with ALJ Weir's failure to significantly address evidence after 2017, does not satisfy the Court that ALJ Weir properly analyzed the entire record, or that his decision was based on substantial evidence.

In addition, the Court is not satisfied that ALJ Weir's reliance on the expert opinion of Dr. Lorber was proper. As noted above, Dr. Lorber testified at Plaintiff's October 6, 2021 administrative hearing. *See* Tr. 352-72. ALJ Weir assigned "great weight" to Dr. Lorber's opinion and stated that his "opinion has been adopted as the residual functional capacity in this hearing decision." Tr. 338. Yet, ALJ Weir did not explain his conclusion in any detail; nor did ALJ Weir explain what evidence supports Dr. Lorber's opinion. *Id*. The ALJ "must provide an accurate and logical bridge between the evidence and the conclusion that the claimant is not disabled, so that a reviewing court may assess the validity of the agency's ultimate findings and afford [the] claimant meaningful judicial review." *Jacob K.*, 2021 WL 4324379 (internal quotations omitted); *see also Dioguardi v. Commr of Soc. Sec. Sec.*, 445 F. Supp. 2d 288, 297 (W.D.N.Y. 2006) (remanding after ALJ "accorded 'significant weight'" to opinion that restricted overhead reaching but "seemingly did not account in the RFC for the overhead reaching limitations" or "indicate that he was rejecting that portion of the opinion"). That bridge is missing here.

ALJ Weir's reliance on Dr. Lorber's opinion is particularly problematic given that portions of Dr. Lorber's testimony are not supported by the record. For example, Dr. Lorber's opinion did not speak to Plaintiff's cervical disc disorder or right knee issues, which renders an RFC based on Dr. Lorber's opinion inherently flawed. When questioned about Plaintiff's diagnosis of cervical disc disorder with radiculopathy, Dr. Lorber stated that he "recall[ed] it vaguely" but stated that he did not see any "significant" treatment related to the cervical spine and did not see any evidence of an "imaging study demonstrating stenosis in the cervical spinal area or disc herniation causing impingement of a nerve root." Tr. 371-72. This was completely inaccurate. Plaintiff was in a motor vehicle accident in 2018, resulting in neck and low back pain. Tr. 1297. An MRI in April 2018 showed central C3-4 and C4-5 central disc herniation with both indenting the anterior aspect of the thecal sac. Tr. 1349. The record also reflects that Plaintiff received chiropractor treatment from

Michael Cardamone, D.C. ("Dr. Cardamone"), at least one hundred eighty times from March 2018 to June 2020 (Tr. 1305-48), and in 2021, Plaintiff engaged in physical therapy specifically for her cervical spine condition (Tr. 1474-1784). Thus, contrary to Dr. Lorber's testimony, there was both an imaging study documenting Plaintiff's cervical condition *and* evidence of significant treatment for this condition.

The fact that Dr. Lorber only "vaguely recalled" Plaintiff's cervical disc disorder and failed to note positive imaging results and significant chiropractic treatment and physical therapy documented in the record for this condition, along with the fact that ALJ Weir found cervical disk disease to be a severe impairment (Tr. 329), begs the question of whether Dr. Lorber thoroughly reviewed Plaintiff's file. Similarly, Dr. Lorber omitted any discussion of Plaintiff's right knee impairments. He testified about Plaintiff's right Achilles tendon surgery and that Plaintiff had "a problem in her left knee." (Tr. 368), but his testimony does not reference that Plaintiff also had surgery on her right knee in February 2016. (Tr. 305, 917); that x-rays in September 2019 showed chondromalacia patella in both knees; and that Plaintiff was a candidate for additional surgeries (Tr. 1387). The record also reflects that Plaintiff was prescribed multiple pain medications for her neck and knee conditions, including hydrocodone-acetaminophen; meloxicam; diclofenac and cyclobenzaprine narcotics. *See, e.g.*, Tr. 1363.

Based on the foregoing, ample evidence in the record supports Plaintiff's cervical impairment and bilateral knee impairments, but the final RFC offered by Dr. Lorber (and "adopted" by ALJ Weir) does not include any limitations related to these conditions. Accordingly, the Court finds that ALJ Weir's assignment of "great weight" to Dr. Lorber's opinion was not supported by substantial evidence. Tr. 338. In the end, ALJ Weir failed to "fully comply with the Appeals Council's original order in this case." *Perry v. Colvin*, 2016 WL 241364, *3 (W.D.N.Y.

Jan. 21, 2016). Instead, ALJ Weir "adopted" the unsupported opinion of Dr. Lorber and "adopted" much of the old decision, nearly verbatim.

Based on the foregoing, the Court finds that the ALJ's assessment of Plaintiff's RFC was not supported by substantial evidence, and further development of the record is necessary. Accordingly, remand of this matter for further administrative proceedings is required. *See Martin v. Berryhill*, No. 16-CV-6184-FPG, 2017 WL 1313837, at *1 (W.D.N.Y. Apr. 10, 2017)2017 WL 1313837, at *4 ("There were many avenues available to the ALJ to fill the gap in the record . . . ") (citing *Covey v. Colvin*, 204 F. Supp. 3d 497, 507 (W.D.N.Y. 2016) ). The Commissioner on remand, "should employ whichever of these methods are appropriate to fully develop the record as to [Plaintiff's] RFC." *Martin*, 2017 WL 1313837, at *4. In this case, the administrative law judge should order a consultative examination and instruct the consulting physician to complete a functional capacity evaluation. *See* 20 C.F.R. §§ 404.1512(f), 404.1517, 404.1519(a).

Plaintiff also argues that, in light of the time that has passed since Plaintiff filed her application, this Court should direct the Agency to act in a timely manner. *See* ECF No. 10-1 at 19.  As Plaintiff notes, "courts in this circuit have been instructed to consider imposing a time limit on subsequent proceedings when ordering a remand for further development of the record." *Dambrowski v. Astrue*, 590 F.Supp.2d 579, 588 (S.D.N.Y. 2008) (imposing a time limit of 120 days for subsequent proceedings when five years had passed since Plaintiff filed his application) (citing *Butts v. Barnhart*, 388 F.3d 377, 387 (2d Cir. 2004); see also *Zambrana v. Califano*, 651 F.2d 842, 844 (2d Cir. 1981) (citing cases); *Gordon v. Saul*, 410 F. Supp. 3d 553, 563 (W.D.N.Y. 2019).

In this case, Plaintiff filed her application for disability in September 2014, testified at an administrative hearing in August 2017—three years later—and received the first unfavorable decision in August 2017. Plaintiff's case was remanded by this Court in May 2020, but her

9

remanded hearing was not held until October 2021. Plaintiff submitted over 900 pages of additional evidence—much of which seems to have been overlooked by ALJ Weir. Then, ALJ Weir largely copied the original decision, repeating the same reasoning and the same errors, and compounded these errors further by relying on an unsupported expert opinion to determine Plaintiff's RFC. As it has been ten years since Plaintiff first filed her application for disability, a time limit is appropriate in this case to prevent undue delay. *Butts*, 388 F.3d at 387 (instructing that some evaluation of relative hardship to a claimant of further delay should be considered). Accordingly, the Commissioner's remand order should be completed within 120 days of this Decision and Order. *See McGee v. Berryhill*, 354 F.Supp.3d 304, 313 (W.D.N.Y. Dec. 18, 2018) (citing *Dombrowski*, 590 F.Supp.2d at 588 (S.D.N.Y.)).

## <u>CONCLUSION</u>

Plaintiff's Motion for Judgment on the Pleadings (ECF No. 10) is **GRANTED**, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 11) is **DENIED**, and this matter is **REMANDED** to the Commissioner for further administrative proceedings consistent with this opinion pursuant to sentence four of 42 U.S.C. § 405(g). *See Curry v. Apfel*, 209 F.3d 117, 124 (2d Cir. 2000). The Clerk of Court is directed to enter judgment and close this case.

**IT IS SO ORDERED**.

DON D. BUSH
UNITED STATES MAGISTRATE JUDGE